IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01669-BNB

RICARDO ROWLEY,

    Plaintiff,

v.

NO NAMED DEFENDANT,

    Defendant.

---

ORDER DISMISSING CASE

---

    Plaintiff is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. On June 23, 2013, Plaintiff submitted a Letter to the Court claiming that as a result of being injured he underwent surgery but still has nerve damage. In the Letter, Plaintiff also requests that the Court appoint counsel to assist him with his case. Magistrate Judge Boyd N. Boland construed the Letter as an attempt by Plaintiff to initiate an action and instructed Plaintiff to cure certain deficiencies to proceed with the action. Magistrate Judge Boland also denied the request for counsel as premature.

    On July 15, 2013, Plaintiff submitted a second Letter to the Court. In the second Letter, Plaintiff asserts that the Court misunderstood the first Letter and he does not intend to file an action. Plaintiff requests that the Court "fix this matter" and send him a "letter to prove that everything is taken care of." In the second Letter, Plaintiff also asks assistance in obtaining an attorney. The Court construes the second Letter liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the following reasons, the Court will dismiss the action.

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Defendant has not filed an answer in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* 8-41 James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The second Letter, therefore, is construed as a Notice of Voluntary Dismissal. The case will be closed as of July 15, 2013, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507.

As for Plaintiff's request for assistance in obtaining counsel, the Court does not assist individuals in finding counsel to file an action with the Court. Only if Plaintiff has a case pending before the Court does the Court review the need for appointment of counsel. Accordingly, it is

ORDERED that the Letter filed on July 15, 2013, ECF No. 4, is construed as a Notice of Voluntary Dismissal and is effective as of July 15, 2013, the date Plaintiff filed the Notice in this action.

DATED at Denver, Colorado, this  1st  day of   August  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court